The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-193 JLR |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| AL-PENYO BROOKS, | |
| Defendant. | |

This matter, having come to the Court's attention on the government's motion for entry of a discovery protective order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. **Protected and Sensitive Material.**

   A. *Protected Material.* The following documents and materials are deemed Protected Material:

   i. Grand Jury transcripts and exhibits;

   ii. Witness statements, including but not limited to reports of law enforcement officers memorializing witness statements; and

   iii. The personal information related to victims and/or witnesses, and any statements and/or documents containing personal information related to any victims and/or witnesses. As used in this Order, the term "personal information" refers to

PROTECTIVE ORDER - 1
UNITED STATES v. BROOKS/CR20-193 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

each victim and/or witnesses' date of birth, Social Security number (or other identification information), driver's license number, address, telephone number, location of residence or employment, school records, juvenile criminal records, and other confidential information.  In addition, with respect to any victims in this case, the term "personal information" also includes the name and identity of each victim.

The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations.  Possession of copies of the Protected Materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as "members of the defense team"):

The attorneys of record and members of the defense team may share and review the Protected Material with the Defendant.  The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the Defendant and other persons.  The exception to this prohibition is the dissemination of electronic copies to the Federal Detention Center at SeaTac, Washington, for use in a controlled environment by Defendant, who is currently in custody there.  The United States Attorney's Office for the Western District of Washington is prohibited from providing copies of the Protected Material to non-law enforcement witnesses or potential witnesses.

B.      *Sensitive Material.*  The following documents and materials are deemed Sensitive Material:

i.      Medical records related to victims and/or witnesses; and

ii.      Sexually suggestive photographs of victims and/or witnesses, including but not limited to photographs connected to online advertisements for prostitution.

Possession of Sensitive Material is limited to attorneys of record and members of the defense team.  The attorneys of record and members of the defense team may not

PROTECTIVE ORDER - 2
UNITED STATES v. BROOKS/CR20-193 JLR

share or review the documents containing Sensitive Material, or any copies of any documents containing Sensitive Material, in any manner with any other person, including Defendant.  This order, however, does not prohibit attorneys of record and members of the defense team from discussing the contents of documents constituting Sensitive Material with Defendant, as long as the attorneys of record and members of the defense team do not share the documents or copies of the documents with Defendant or any other person.  The attorneys of record and members of the defense team shall keep any documents containing Sensitive Material secured whenever the documents containing Sensitive Material is not being used in furtherance of their work in the above captioned case.

Additional discovery items may be deemed by the parties to constitute Protective or Sensitive Material upon agreement.

Any violation of these prohibitions constitutes a violation of the Protective Order. Further, the attorneys of record are required, prior to disseminating any copies of the Protected or Sensitive Materials to members of the defense team, to provide a copy of this Protective Order to members of the defense team, and obtain written consent by members of the defense team of their acknowledgment to be bound by the terms and conditions of this Protective Order.  The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.   Nothing in this order should be construed as imposing any discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.

2.      **Filing**

Any Protected or Sensitive Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.  This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all

PROTECTIVE ORDER - 3
UNITED STATES v. BROOKS/CR20-193 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

**3.      Nontermination**

The provisions of this Order shall not terminate at the conclusion of this prosecution.

**4.      Violation of Any Terms of this Order**

Any violation of any term or condition of this Order by the Defendant, his attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the defendant's violation.

**5.      Right to Review**

The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government.   The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court.

PROTECTIVE ORDER - 4
UNITED STATES v. BROOKS/CR20-193 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The Clerk of the Court is directed to provide a filed copy of this Protective Order

2  to all counsel of record.

3    DATED this 19th day of January, 2020.

4

5

6    _____

7    THE HONORABLE JAMES L. ROBART
     UNITED STATES DISTRICT JUDGE

8

9

10  Presented by:

11
    s/ Catherine L. Crisham
12  CATHERINE L. CRISHAM
    Assistant United States Attorney
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER - 5
UNITED STATES v. BROOKS/CR20-193 JLR